(17 Misc. Rep. 280)

BYRNES v. BALDWIN et al.

(City Court of New York, General Term.    June 30, 1896.)

CONTRACTS—INTERPRETATION.

    A contract of employment by which the employer agrees to pay the employé for superintending the manufacture of liqueur, "at the end of each month, * * * the sum of 5 cents per gallon on the amount of actual

sales effected during each month," entitles the employé to five cents on every gallon of liqueur manufactured under his superintendence, the amount to become due on the sale of the liqueur, though it was not sold until after he left the employer's services.

Appeal from trial term.

Action by Henry Byrnes against Austin P. Baldwin and others. There was a judgment in favor of plaintiff and defendants appeal. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Seward, Gurthrie, Morawecz & Steele, for appellants.

Charles D. Evans, for respondent.

CONLAN, J. This is an appeal from a judgment entered at a trial had before the court without a jury. All the material facts are admitted, and the only real question presented is one of construction. It appears that some time in February, 1883, the defendants and one John Bolger entered into an agreement as follows:

"It is agreed between the firm of Baldwin Brothers and Company and John Bolger, all of this city, that the said John Bolger shall continue in the employment of the said Baldwin Brothers and Co., independently of any agreement which may exist between the said Baldwin Brothers and Co. and Charles A. Seddon, for the manufacture and sale of prune liqueur, and, after the first of March next, that in view of his superintending the manufacturing the said prune liqueur directly under the control of the said firm, and turning out an article equal to that of any article of the same kind manufactured and sold in the United States, we, the said Baldwin Bros. & Co., will pay him at the end of each month, commencing on March next, the sum of five cents per gallon on the amount of actual sales effected during each month. This memorandum having been read and agreed to on this ninth day of February, 1883, we bear witness to the same with our signatures.

　　　　　　　　　"Austin Baldwin, for Baldwin Bros. & Co.
　　　　　　　　　　　"John Bolger.
　　　　　　　　　　　"George B. Seymour.

"(Exhibit A to answer.)"

It is admitted that Bolger continued in such employment until October 15, 1892, when he voluntarily terminated his engagement with the defendants; also, that there were 5,000 gallons of liqueur manufactured and unsold on that day, and that the same were subsequently sold by defendants. This action is brought by plaintiff, as assignee, to recover five cents per gallon on these 5,000 gallons sold after Bolger's employment had ceased. We think the interpretation put upon the agreement by the court below was correct. The five cents per gallon was Bolger's compensation for superintending and producing a liqueur of a certain quality, but this payment was deferred until the liqueur was sold, when the five cents per gallon became due. We do not think it depended upon the continuance of Bolger in the employ of the defendants. No time was fixed by the agreement, and either party could terminate it at any time. The knowledge or skill of Bolger had entered into the quality of the liqueur so manufactured, and his compensation for the use of such knowledge and skill was five cents per gallon, irrespective of the period of his employment; otherwise defendants could keep a large stock of the liqueur on hand, and thus compel Bolger to remain in their

employ, or forfeit the commission which had been earned by his skill; or, again, will it be contended that if defendants had allowed a large quantity to accumulate, by reason of bad times or otherwise, and Bolger died ·while in the employ of defendants, and these liqueurs were unsold, his legal representatives would not have a claim for the commissions when sold? We do not think the agreement will bear such construction, and, as no errors of law were committed on the trial, the judgment should be affirmed.

Judgment affirmed, with costs.